**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000016**
**30-JUN-2023**
**09:57 AM**
**Dkt. 35 SO**

NO. CAAP-21-0000016


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


THOMAS FLORES, Claimant-Appellant/Appellant, v.
SAFEWAY, INC., Employer-Appellee/Appellee,
and SAFEWAY HAWAII WORKERS COMP,
Insurance Carrier-Appellee/Appellee.


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2020-077; DCD NO. 2-18-07679)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and McCullen, JJ)

Self-Represented Claimant-Appellant/Appellant Thomas

**Flores** appeals from the Labor and Industrial Relations Appeals

Board's (**LIRAB**) December 7, 2020 Decision and Order (**Decision**

**and Order**) dismissing his untimely appeal to LIRAB.

As a preliminary matter, Flores' Opening Brief does

not comply with Hawai'i Rules of Appellate Procedure (**HRAP**)

Rule 28. Flores does not provide points of error or record references.

Although an appellant's brief does not comply with HRAP Rule 28, the Hawaiʻi appellate courts adhere to a "policy of affording litigants the opportunity to have their cases heard on the merits, where possible." Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012) (citation and internal quotation marks omitted). Accordingly, to promote access to justice, we liberally interpret pleadings prepared by self-represented litigants and attempt to provide them appellate review despite their failure to comply with the appellate rules. See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).

From what we can discern, Flores (1) challenges this court's jurisdiction, and (2) requests we remand this case to the Disability Compensation Division.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the point of error as discussed below, and affirm.

As relevant to this appeal, Flores filed a notice of appeal to LIRAB on January 6, 2020. It was unclear from the

notice of appeal what Flores was appealing.  On September 15, 2020, LIRAB ordered Flores and Employer-Appellee/Appellee **Safeway**, Inc. to "Show Cause why this appeal, filed on January 6, 2020, should not be dismissed as untimely or for lack of jurisdiction."  Safeway responded, and requested LIRAB dismiss Flores' appeal with prejudice as it was untimely. Flores also responded, asserting "[t]he notice[] received was postmarked 12/23/19 and a copy of the postmark was submitted as evidence when the appeal was made[,]" but he did not further address whether LIRAB should dismiss the appeal.[1]

After Flores requested more time to specify the decision from which he appealed, LIRAB entered an amended order to show cause on October 9, 2020, giving Flores until October 22, 2020, "to identify, in writing to the Board, the '*Post Marked 12/23/19' item from which he appealed."  The record does not reflect a written response from Flores.

During the December 3, 2020 hearing on the order to show cause, Flores "expressed that his January 6, 2020 appeal related to Employer's request to quash a subpoena."  On December 7, 2020, LIRAB dismissed Flores' January 6, 2020

---

[1]  In his response, Flores asserted he "responded within a reasonable amount of time[,]" and the remainder of his response discussed the subpoena, video surveillance, and coverage under Workers' Compensation.

appeal, finding that the "December 4, 2019 decision by the Director essentially denied production of a video . . . by considering it 'resolved,' because Claimant's work injury had been accepted as compensable." LIRAB also found that: "[t]he Director's decision was dated and sent to the parties on December 4, 2019[;]" an appeal from the December 4, 2019 decision was due by December 24, 2019, but Flores filed his appeal on January 6, 2020; and the appeal was untimely.

In his appeal to this court, Flores does not challenge any findings by LIRAB and we are thus bound by LIRAB's findings. See Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002) ("Findings of fact . . . that are not challenged on appeal are binding on the appellate court."). Instead, Flores asserts this court "does not have jurisdiction to address the issue, and decision on appeal" and requests that we "remand to Disability Compensation Division (DCD) for issue of orders, and or decisions."

Contrary to Flores' assertion, this court has appellate jurisdiction over his appeal pursuant to Hawaii Revised Statutes (**HRS**) §§ 91-14(a) (2012), 386-88 (2015), and 602-57(1) (2016). See Bocalbos v. Kapiolani Med. Ctr. for Women

& Child., 89 Hawaiʻi 436, 439, 974 P.2d 1026, 1029 (1999) (explaining that HRS § 91-14(a), "the statute authorizing appeals in administrative agency cases[,]" governs "[t]he appeal of a decision or order of the LIRAB[,]" and "authorizes judicial review of 'a final decision and order in a contested case' or 'a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief'").

Pursuant to HRS § 386-88, Flores timely appealed to this court "by filing a written notice of appeal" with LIRAB less than 30 days after LIRAB entered its December 7, 2020 decision. See HRS § 386-88. Moreover, "though a lower court is found to have lacked jurisdiction, we have jurisdiction here on appeal, not of the merits, but for the purpose of correcting an error in jurisdiction." Curtis v. Bd. of Appeals, Cnty. of Hawaiʻi, 90 Hawaiʻi 384, 393, 978 P.2d 822, 831 (1999) (citation and internal quotation marks omitted). Accordingly, this court has jurisdiction over this appeal.

Given the record in this case, LIRAB correctly determined that it lacked jurisdiction over Flores' untimely appeal filed on January 6, 2020. LIRAB thus properly dismissed

the appeal, and Flores established no grounds for remanding this matter to the Disability Compensation Division.

Based on the foregoing, we affirm LIRAB's December 7, 2020 Decision and Order.

DATED:  Honolulu, Hawai'i, June 30, 2023.

| | |
|---|---|
| On the briefs: | /s/ Lisa M. Ginoza<br>Chief Judge |
| Thomas Flores,<br>self-represented<br>Claimant-Appellant/Appellant. | /s/ Keith K. Hiraoka<br>Associate Judge |
| Beverly S.K. Tom,<br>Sylvia K. Higashi,<br>for Employer-Appellee/<br>Appellee and<br>Insurance Carrier-Appellee/<br>Appellee. | /s/ Sonja M.P. McCullen<br>Associate Judge |